# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50385
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2025

Lyle W. Cayce
Clerk

Aaron Mulvey; Carolyn Mulvey,

*Plaintiffs—Appellants*,

*versus*

Liquid Property Group, L.L.C.; John Michael Tiffin;
Tina Anderson,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-1210

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

This "real estate transaction gone awry" has already come before us. *Mulvey v. Liquid Prop. Group, L.L.C.*, No. 23-50528, 2024 WL 4891790, at *1 (5th Cir. Nov. 26, 2024). The first time around, both the Mulveys and Liquid

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50385

Property Group, L.L.C. (LPG) appealed.[1] The Mulveys challenged the district court's denial of their summary-judgment motion, while LPG appealed the district court's denial of judgment as a matter of law on its breach of contract counterclaim. *Id* at *1. As to the Mulveys' claims, we affirmed. *Id.* And as to LPG's counterclaim, we reversed and remanded—holding that the evidence was sufficient to establish that the Mulveys breached the contract as a matter of law. *Id.* at *2. Notably, we vacated the district court's final judgment, including its award of attorney fees. *Id.* On remand, the district court granted LPG's summary-judgment motion. *Mulvey v. Liquid Prop. Group, L.L.C.*, SA-21-CV-1210, 2025 WL 1453844 (W.D. Tex. May 13, 2025). The appeal now before us is the Mulveys' challenge to that order.

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Pierce v. Dep't of U.S. Air Force*, 512 F.3d 184, 186 (5th Cir. 2007).

On appeal, the Mulveys advance two arguments. Neither succeeds.

First, they reassert their earlier claims under the Texas Property Code and Texas Occupations Code—claims the district court rejected and we previously affirmed. *See Mulvey*, 2024 WL 4891790, at *1. We decline to revisit these issues. "Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *U.S. v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation omitted). Although

---

[1] We previously summarized the relevant background. *Mulvey*, 2024 WL 4891790, at *1.

narrow exceptions to that rule exist, *id.* (describing exceptions), none applies here.

Second, the Mulveys accuse LPG of "committing outright fraud" and "misle[ading]" the district court by not disclosing our denial of rehearing. They contend this alleged omission warrants sanctions. We disagree.

After our prior opinion vacated the district court's judgment—including its attorney-fee award—LPG petitioned for panel rehearing, arguing that it was entitled to fees because we had found the Mulveys breached as a matter of law. We denied rehearing. The Mulveys now claim LPG acted fraudulently when, on remand, it sought "identical relief"—attorney fees—without informing the district court of that denial.

The argument fails for multiple reasons. First, the Mulveys cite no authority suggesting that a party must inform a district court of an appellate court's rehearing denial, much less that failure to do so constitutes fraud. More fundamentally, the Mulveys never raised this issue below. And "[t]his court will not consider arguments first raised on appeal . . . ." *Estate of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018) (citation omitted)).

As we held before, "[t]he Mulveys have not identified any reversible error of law." *Mulvey*, 2024 WL 4891790, at *1. The district court's judgment is therefore AFFIRMED, and the Mulveys' motion for sanctions is DENIED.